UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JERMAINE JAMISON,

    Plaintiff,

v.                                      Case No. 4:22-cv-13-MW/MJF

OFFICER T. HEALY, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court on referral from the clerk of the court. On January 21, 2022, the undersigned ordered Plaintiff to pay the $402.00 filing fee, or correct the deficiency in his *in forma pauperis* application by filing a printout of the transactions in his inmate trust account since the date of his incarceration. Doc. 4. The order set a compliance deadline of thirty days (i.e., February 21, 2022), and warned Plaintiff that failure to comply with the order likely would result in dismissal of this case.

Plaintiff did not respond to the order. Accordingly, on March 10, 2022, the undersigned ordered Plaintiff to show cause, by March 24, 2022, why this case should not be dismissed. Doc. 5. A copy of the show cause order was mailed to

Plaintiff at his address of record, but was returned on April 4, 2022, as undeliverable. Doc. 6.

To date, Plaintiff has not complied with the order dated January 21, 2022, and has not notified the court of his current address. No correspondence from Plaintiff has been received since his initial filing of this case on January 12, 2022.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with an order of this court.[1]

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 11th day of April, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

**all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**